UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA DIAZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　　Defendant. | ) Case No. CV 10-5381 JC<br>)<br>)<br>) MEMORANDUM OPINION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.　SUMMARY

On July 21, 2010, plaintiff Silvia Diaz ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 3, 2010 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 26, 2004, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 33-35). Plaintiff asserted that she became disabled on August 10, 2001, due to problems with her hands and right shoulder. (AR 46). After holding a hearing, the ALJ issued an unfavorable decision on June 24, 2005. (AR 15-21). Following remand orders from this Court and the Appeals Council (AR 316-29), the ALJ held another hearing, at which plaintiff appeared with counsel, on March 25, 2010. (AR 566-608).

On April 27, 2010, the ALJ determined that plaintiff was not disabled through December 31, 2008, the last date plaintiff was insured. (AR 276-86). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: cervical strain, lumbosacral strain, status post arthroscopic subacromial decompression of the right shoulder, status post left carpal tunnel release with De Quervain's syndrome, and overuse syndrome of the right upper extremity with ganglion cyst/extensor synovitis (AR 279); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 279); (3) plaintiff retained the residual functional capacity to lift and carry ten pounds occasionally and less then ten

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

pounds frequently, with limitations[2] (AR 279-80); (4) plaintiff was unable to perform her past relevant work (AR 284); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could have performed (AR 285); and (6) plaintiff's allegations regarding her limitations were not entirely credible. (AR 283-84).

The Appeals Council did not review the ALJ's decision, which became the final decision of the Commissioner. See 20 C.F.R. § 404.984(d).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///

---

[2] Specifically, the ALJ found that plaintiff could "lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk 4 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, occasionally climb stairs/ramps, bend, stoop, crouch, kneel and crawl, no reaching at or above shoulder level with the right upper extremity, and no forceful grasping or torquing with the bilateral upper extremities, but is able to handle and finger frequently with the bilateral upper extremities." (AR 279-80).

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 | (2) | Is the claimant's alleged impairment sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three. |
| 4 | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| 8 | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?[3]  If so, the claimant is not disabled.  If not, proceed to step five. |
| 11 | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

     **B.**    **Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

---

[3] Residual functional capacity is "what [one] can still do despite [one's] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. § 404.1545(a).

2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV. DISCUSSION**

Plaintiff contends that the ALJ "did not fully and fairly review the record" regarding plaintiff's inability to work for the period of August 10, 2001, to May 18, 2004. (Plaintiff's Motion at 4-10). Specifically, plaintiff argues that the ALJ erred in discrediting the opinion of a treating physician, Dr. Mealer. (Plaintiff's Motion at 5-10). In addition, plaintiff appears to argue that the ALJ did not properly assess the credibility of plaintiff's subjective complaints. (See Plaintiff's Motion at 7 ("The ALJ failed to properly consider the claimant's medical history in light of her testimony as to her limitations . . . .")). The Court disagrees with both contentions.

**A. The ALJ Properly Evaluated the Opinion of Dr. Mealer.**

Plaintiff argues that "Dr. Mealer's records and reports should have been given top consideration" and the ALJ improperly focused on selective "negative and non-evidence" in discounting his opinion. (Plaintiff's Motion at 8). The

///

Court finds that the ALJ provided legally sufficient reasons for discrediting Dr. Mealer's opinion.

### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418,

1 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain
2 why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart,
3 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed
4 and thorough summary of facts and conflicting clinical evidence, stating his
5 interpretation thereof, and making findings). "Broad and vague" reasons for
6 rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888
7 F.2d 599, 602 (9th Cir.1989).

8 When they are properly supported, the opinions of physicians other than
9 treating physicians, such as examining physicians and nonexamining medical
10 experts, may constitute substantial evidence upon which an ALJ may rely. See,
11 e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative
12 examiner's opinion on its own constituted substantial evidence, because it rested
13 on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying
14 medical expert opinions may serve as substantial evidence when "they are
15 supported by other evidence in the record and are consistent with it").

16 **2. Analysis**

17 Dr. Mealer began treating plaintiff on August 10, 2001, in connection with
18 her worker's compensation claim, and saw her regularly until May 14, 2001. (AR
19 96-97). During this period, he frequently opined that plaintiff was temporarily
20 totally disabled (*e.g.*, AR 100, 105, 110, 126, 131, 142, 155, 161), meaning that he
21 believed plaintiff was "totally incapacitated for work." See W.M. Lyles Co. v.
22 Workmen's Compensation Appeals Board, 3 Cal. App. 3d 132, 136 (1969).

23 Dr. Mealer's opinion was flatly contradicted by other physicians. Dr. Lee
24 Silver performed a Qualified Medical Evaluation of plaintiff on March 2, 2004.
25 (AR 224-31). He observed "inconsistencies present in regard to [plaintiff's]
26 alleged orthopedic condition," noting that plaintiff had "repeatedly denied to [him]
27 any involvement in her industrial injury or symptoms involving the lumbosacral
28 spine." (AR 218). His examinations had "not revealed evidence of any

derangement in the lumbosacral spine where there is a full range of motion without evidence of spasm, and there is no evidence of any disc herniation or nerve root impingement involving the lumbosacral spine." (AR 218). In contrast, Dr. Mealer "stated the claimant had pain in her lower back" and diagnosed her with a lumbosacral strain. (AR 218). Dr. Silver also viewed a videotape of plaintiff's activities on two days in April 2003, and concluded they "demonstrate that [plaintiff] has free and full use of the upper extremities and spine without evidence of any orthopedic disability." Dr. Silver noted that the video "was obtained during a time in which Dr. Mealer had found the claimant to be temporarily totally disabled . . . . Clearly, the videotape provides evidence that the claimant was not providing a credible representation of her true orthopedic condition." (AR 218). Dr. John Jensen, the consulting medical expert, testified that plaintiff had the residual functional capacity that the ALJ adopted (AR 279-80) "from August 2001 up to the present except for the limitation to occasional use of foot controls after September [2008]." (AR 571-72).

Because Dr. Mealer's opinion was contradicted by other physicians, the ALJ was required to provide specific and legitimate reasons to reject it.[4] The ALJ did so. First, the ALJ noted that Dr. Mealer's opinion that plaintiff was disabled was not a medical opinion, but an opinion on the ultimate issue of disability, which is a determination reserved to the Commissioner. (AR 280). See Martinez v. Astrue, 261 Fed. Appx. 33, 35 (9th Cir. 2007) ("[T]he opinion that Martinez is unable to work is not a medical opinion, but is an opinion about an issue reserved to the Commissioner. It is therefore not accorded the weight of a medical

---

[4] To the extent plaintiff argues that the ALJ erred in failing to give controlling weight to Dr. Mealer's opinion (see Plaintiff's Motion at 8 ("Dr. Mealer's records reports should have been given top consideration.")), this argument fails because Dr. Mealer's opinion is inconsistent with other substantial evidence in the record, as discussed above. See Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) (citing Social Security Ruling 96-2p).

1 opinion.").[5] Moreover, almost none of Dr. Mealer's opinions are expressed in functional terms that the ALJ could readily incorporate into plaintiff's residual functional capacity. The exception is Dr. Mealer's June 18, 2004 permanent and stationary report, which discusses plaintiff's limitations in functional terms. (AR 242-52). The ALJ largely agreed with Dr. Mealer's assessment at that time. (See AR 282 ("The undersigned continues to give weight to the bilateral upper extremity work restrictions from Dr. Mealer in his June 18, 2004 permanent and stationary report."); compare AR 249 (Dr. Mealer's work restrictions) with AR 279-80 (the ALJ's residual functional capacity assessment)).

The ALJ also determined that the objective evidence was inconsistent with Dr. Mealer's determination that plaintiff was totally disabled. (AR 281). The ALJ noted, for example, that Dr. Mealer treated pain in both of plaintiff's wrists. "However, Dr. Mealer's treatment notes . . . do not show motor weakness, sensory deficit, abnormal reflexes or total inability to use the right upper extremity." (AR 281). The ALJ also noted that Dr. Silver's February 7, 2003 evaluation revealed "an extreme loss of Jamar grip strength in the upper extremities" without any "evidence of atrophy in the upper extremities to suggest any actual loss of muscle mass or strength." (AR 281) (citing Exhibit 7F at 19 [AR 231]). Indeed, Dr. Silver concluded at that time that his "examination did not reveal evidence of a significant on-going derangement involving the upper extremities to support [plaintiff's] exhibited degree of deficit of Jamar grip strength." (AR 231). The ALJ properly relied on inconsistency with the medical evidence in rejecting Dr. Mealer's opinion that plaintiff was disabled. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004).

A reversal or remand is not warranted on this issue.

---

[5]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

**B.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff appears to challenge the ALJ's determination that her subjective complaints were not entirely credible. (Plaintiff's Motion at 7). Because the ALJ determined that plaintiff's "medically determinable impairments could reasonable be expected to cause the alleged symptoms" (AR 283) and did not find that plaintiff was malingering, the ALJ was required to provide "specific, clear and convincing reasons" for discounting plaintiff's credibility. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). The ALJ did so.

The ALJ noted that Dr. Silver concluded that plaintiff was not putting forth her best effort during his evaluation, and that the video evidence Dr. Silver observed indicated that plaintiff "was not providing a credible presentation of her true orthopedic condition." (AR 284) (citing Exhibit 7F at 6, 17 [AR 218, 229]). In addition, the ALJ cited Independent Medical Examiner Dr. Mark Mandel's determination that plaintiff was "clearly guilty of symptom magnification." (AR 284) (citing Exhibit 10F [AR 501-02]). Dr. Mandel reported that plaintiff "was not using good effort in doing the strength determinations" and there "was a paucity of objective evidence to substantiate her numerous complaints." (AR 501-02). The ALJ properly relied on plaintiff's lack of cooperation at multiple examinations in discounting her credibility. See Thomas, 278 F.3d at 959 ("Even more compelling is the ALJ's finding, supported by the record, that Ms. Thomas failed to give maximum or consistent effort during two physical capacity evaluations."). The Court need not specifically review the ALJ's other reasons for discounting plaintiff's credibility, but it has determined that they do "not negate the validity of the ALJ's ultimate [credibility] conclusion." Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1162 (9th Cir. 2008) (alteration in original; citation omitted). A reversal or remand is not warranted on this basis.

///

**V.     CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 29, 2010

                                                      /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE